Courtney W. Perkins, Kansas City, for defendant-appellant.

Richard J. Koury II, Independence, for plaintiff-respondent.

Before NUGENT, P. J., and TURNAGE and LOWENSTEIN, JJ.

**CASUALTY RECIPROCAL EXCHANGE, Plaintiff-Respondent,**

v.

**Robert L. COMPTON, Defendant-Appellant.**

**No. WD 32625.**

Missouri Court of Appeals, Western District.

May 4, 1982.

TURNAGE, Judge.

Robert L. Compton appeals from a judgment entered against him for $620.41 following a bench trial. The only question raised on this appeal is the right of the Casualty Reciprocal Exchange to maintain this suit in its own name because it is not incorporated. Affirmed.

Casualty Reciprocal Exchange, as a reciprocal or inter-insurance exchange authorized by §§ 379.650 to 379.800, RSMo 1978, issued an automobile liability policy to Robert Compton. Compton was involved in a collision with another vehicle and after collecting from Casualty Reciprocal for colli-

---

sion damages to his automobile, filed suit and recovered the same damages from the driver of the other automobile. On learning that Compton had recovered from the other driver, Casualty Reciprocal began this suit before an associate circuit judge to recover the $620.41 it had paid to Compton. The judgment appealed from resulted from a trial de novo before a circuit judge.

Compton does not contest the fact that under his insurance policy he should repay the $620.41. His only contention is that Casualty Reciprocal Exchange is not a corporation and therefore it has no legal existence, capacity or right to maintain suit in its own name.

Compton relies on the recognized rule that an action must be brought by a party having a legal entity and a suit brought in the name of that which is not a legal entity is a mere nullity. There can be no disagreement with the general rule upon which Compton relies, however, this case does not fit under that general rule.

As noted above, §§ 379.650 to 379.800 authorize insurance contracts to be issued by reciprocal or inter-insurance exchanges. A certificate of authority issued by the Missouri Division of Insurance was received in evidence showing that Casualty Reciprocal Exchange has complied with the requirements of the insurance laws of the state and is authorized to do business of the kinds of insurance listed therein, which includes automobile policies. The certificate recites that such insurance is issued on the reciprocal and inter-insurance plan.

In *Yeats v. Dodson*, 345 Mo. 196, 127 S.W.2d 652, 655 (1939) the court stated, " 'that a reciprocal or interinsurance exchange is something more than a partnership and something less than an insurance corporation, and falls within the classification of unincorporated companies.' "

The question presented here was decided in *Clark v. Grand Lodge, Etc.*, 328 Mo. 1084, 43 S.W.2d 404 (1931). In *Clark* the Grand Lodge of Brotherhood of Railroad Trainmen was an unincorporated voluntary association engaged in the business of insuring the lives of its members. The Grand Lodge raised as a defense the fact that it was an unincorporated voluntary association and as such was incapable of being sued. The court held that applicable statutes authorized unincorporated associations, such as the Grand Lodge, to carry on the business of insurance and to issue contracts of life insurance. The court stated at page 409[11–13]:

"To say that an association like defendant can make contracts necessarily means valid contracts—contracts that are binding on the parties and enforceable against them. It is an absurdity to say that defendant can make contracts of insurance but cannot be sued thereon. If defendant has legal capacity to make a contract of insurance, it has legal capacity to be sued thereon. If it is a legal entity when making such contracts, it retains such legal entity when sued thereon."

The court discussed a long line of Missouri decisions which had held that unincorporated associations, most of which were engaged in the insurance business, had capacity to sue and be sued. The court stated its holding at page 413:

"All that we need hold in the present case is that when such an unincorporated association engages in this state and elsewhere in the business of insuring its members, to whom it issues insurance contracts and from whom it collects premiums, then such associations may be sued in the courts of this state, in the name in which they contract and do business, on causes of action growing out of and based on such contracts."

Although *Clark* involved a suit brought against the unincorporated association on an insurance policy issued by it, the reasoning applies equally to a suit brought by an unincorporated association under an insurance contract legally issued by it.

Clark was relied upon in *Cravey v. Southeastern Underwriters Association*, 214 Ga. 450, 105 S.E.2d 497 (1958). In *Cravey* the suit was brought by unincorporated associations of insurance companies. The court

answered the contention that the unincorporated association had not standing to bring the suit in the following language at 105 S.E.2d 500[1, 2]:

"Thus an unincorporated association may not sue or be sued in its own name unless authorized by law. An express statutory provision, however, is not indispensable to an association's capacity to sue and be sued in the association's name; such a suit may be maintained by virtue of a necessary implication arising from statutory provisions, as in cases where an unincorporated association is recognized as a legal entity by statutes which do not in terms authorize it to sue or be sued as such."

While Compton is correct that Casualty Reciprocal Exchange is not a corporation, from *Clark* and *Cravey* it is clear that when the law permits an unincorporated association to issue insurance contracts then the unincorporated association may sue and be sued in its name in suits involving such contracts. This results as a necessary implication arising from the statutory provisions which allow the unincorporated association to make insurance contracts in its name, although the statute does not explicitly authorize the association to sue or be sued.

The court correctly held that Casualty Reciprocal Exchange could maintain this suit in its own name. The judgment is affirmed.

All concur.